UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALVIN PAULSEN and MICHELLE PAULSEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPOKANE COUNTY, et al.,<br><br>    Defendants. | NO: 12-CV-0491-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT are the parties' Stipulated Motion for Protective Order (ECF No. 22) and Motion to Expedite (ECF No. 24). Pursuant to the parties' stipulation, the motions are **GRANTED**.

**IT IS HEREBY ORDERED** that the following procedures shall apply to the personal third party information in the above-referenced matter but pursuant to a request for release by Plaintiff's counsel. It is recognized that certain records must be provided in unredacted form to permit Plaintiff full access to evidence in

PROTECTIVE ORDER ~ 1

this case. Spokane County has designated these records as confidential subject to the following provisions:

1. The Spokane County Auditor files shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

   a. The party(ies), their attorneys and the attorney's employees;

   b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

   c. Any other person with prior written consent of the party producing the documents.

2. All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the order and consents to be bound by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

3. All documents bearing the social security, dates of birth, bank account identifications, financial information, driver's license of any individual, or information attached to any license plate, whether a

Spokane County employee or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

4. One non-redacted copy shall be provided to Plaintiff's counsel for purposes of completing discovery depositions and said documents shall be stamped confidential.

5. The addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way in the above-referenced documents (Paragraph 1) shall also be redacted.

6. Prior to the filing or submission into evidence in this action of any "Confidential" material (including the filing of any pleadings which incorporate or disclose "Confidential" material) by counsel for either party in this action, said counsel shall seal said material and it is to be retained under seal unless ordered by the Court to be opened. Such sealing and filing shall be accomplished in accordance with the appropriate local court rules for filing material under seal, and the material shall remain under seal until the Court orders otherwise. Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public. Only persons authorized under the provisions of this Protective Order, the Court (including any court to which this action

PROTECTIVE ORDER ~ 3

may be appealed or transferred), and persons employed by or assisting the Court in this action shall be give access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof.

7. Upon completion of this litigation, all copies of the Records or documents or testimony with references thereto shall, at Spokane County's option, be destroyed or returned to Spokane County's counsel. This is to include all copies <u>reproduced</u> by any party, agent, employee or expert of Plaintiffs.

8. No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

9. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

10. Nothing in this order shall prevent any party hereto from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

11. Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may be subject the

PROTECTIVE ORDER ~ 4

violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** January 22, 2014.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 5

# EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGEMENT

1. I have read and understand the attached Stipulated Protective Order that has been entered in Paulsen v. Spokane County, et al., Case No.: 12-CV-491-TOR before the District Court of the Eastern District of the State of Washington;

2. I understand that I may be given access to Confidential information, and in consideration of that access, I agree that I shall be bound by all the terms of the Stipulated Protective Order;

3. I understand that I will not disclose or discuss Confidential information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed this Confidentiality Agreement;

//

//

//

//

//

//

//

PROTECTIVE ORDER ~ 6

1    4. I understand that all Confidential information shall be used solely for the
2       purposes of this action and shall not, directly or indirectly, be used for any
3       other purpose and that any use of this Confidential information, or any
4       information obtained there from, in any manner contrary to the provisions of
5       the Protective Order will subject me to possible sanctions by the Court.

6
7       Dated this ____ day of _____, 2014.
8
9
                                        _____
10                                      Name:

PROTECTIVE ORDER ~ 7